IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANA LEON LINDSEY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION TO<br>DISMISS HABEAS CORPUS PETITION**<br><br>Case No. 2:16-CV-294<br><br>Judge Clark Waddoups |

Petitioner, Dana Leon Lindsey, requests federal habeas-corpus relief. 28 U.S.C.S. § 2254 (2018). Having carefully considered the pleadings and relevant law, the Court concludes that Petitioner's petition is untimely. See 28 *id.* § 2244(d)(1). The Court therefore DISMISSES the petition with prejudice.

## ANALYSIS

Federal law imposes a one-year period of limitation on "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 *id.* § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Petitioner did not appeal. Therefore, Petitioner's conviction became final on the last day he could have filed a notice of appeal.

Utah states a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "A judgment is entered when it is signed by the judge and filed by the clerk of court." *State v. Grant*, 2002 UT 100, ¶ 3, 256 P.3d

1100. (citation omitted). "Failure to timely file an appeal … constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23, 62 P.3d 444.

Petitioner's judgment was entered on August 2, 2013.[1] The last day he could have filed a timely notice of appeal was thirty days later, September 1, 2013. By statute, that is the date Petitioner's conviction was final. The federal one-year limitation period began running on that date and expired on September 1, 2014. Petitioner filed his petition in this case on April 11, 2016--588 days late.

### A. Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2018). But Petitioner did not file a state post-conviction petition.

### B. Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does, however, offer arguments for equitable tolling. He excuses his untimely filing based on his mental illness.

The Court addresses whether that circumstance triggers equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times " 'when a prisoner is actually innocent' " or " 'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues

---

[1] Exhibit C makes clear that the sentencing judge signed the Sentence, Judgment, Commitment on August 2, 2013. The court has confirmed, on the Utah State Courts Xchange System, that this document was also filed on that same date.

judicial remedies but files a defective pleading during the statutory period.' " *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific argument.

### Extraordinary or Uncontrollable Circumstance

Petitioner asserts that his lateness should be overlooked because of his mental disability. "Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (quotations omitted); *see also Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished) ("[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as resulting in institutionalization or adjudged mental incompetence.") (citing *Fisher v. Gibson*, 262 F.3d 1135, 1143, 1145 (10th Cir. 2001)). Indeed, " 'mental impairment is not *per se* a reason to toll a statute of limitations.' " *Rantz*, 577 F. App'x at 810 (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)); *see also Saenz-Jurado v. Colorado*, 329 F. App'x 197, 199 (10th Cir. 2009) (rejecting mental illness as basis for equitable tolling when Petitioner's "allegations on this point are conclusory and lack support in the record"). It is important to note that the Tenth Circuit " 'has yet to apply equitable tolling on the basis of mental incapacity.' " *Rantz,* 577 F. App'x at 810 (quoting *McCall v. Wyo. Att'y Gen.*, 339 F. App'x 848, 850 (10th Cir. 2009)). Finally, " 'it is not enough for a party to

3

show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline.' " *Id*. at 811 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)).

Petitioner has not met his burden here; in other words, he has not specified any of these exceptional circumstances and linked such circumstances to actual dates and lack of mental capacity. He has not even hinted at an adjudication, institutionalization, or evidence that, between July 22, 2013 and April 11, 2016, in particular, he suffered from such mental incapacity that it was impossible for him to pursue habeas claims. He has not stated why he was able to file a habeas case on April 11, 2016, but was not during the running of the period of limitation and 599 days beyond. *See Sampson v. Patton*, 598 F. App'x 573, 575-76 (10th Cir. 2015) (denying equitable tolling based on assertion of mental illness when Petitioner did not specify or provide evidence of timeline of mental incapacitation); *Rawlins v. Newton-Embry*, 352 F. App'x 273, 275-76 (10th Cir. 2009) (unpublished) ("[Petitioner] does not provide a date or even a month to narrow the time frame--she does not state when this nervous breakdown began, how long it lasted, or describe her level of impairment during this period."); *Brown v. Dinwiddie*, 280 F. App'x 713, 715 (10th Cir. 2008) (unpublished) (rejecting equitable tolling where lack of specific timeline linking mental illness to inability to pursue habeas claims).

Petitioner has not shown that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that kept him from timely filing or taking specific steps to " 'diligently pursue his federal claims.' " *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Petitioner thus has not established this basis for equitable tolling.

**Actual Innocence**

Petitioner has not argued that he is actually innocent.

## CONCLUSION

This petition was filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Petitioner's claims are thus denied.

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED**. (Docket Entry # 15.) This action is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The Court considers whether to issue a certificate of appealability (COA) here. *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2018)). Petitioner has not made this showing.

**IT IS THEREFORE ORDERED** that a COA is **DENIED**.

DATED March 7, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge